UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

----------------------------------------------------------

**This Document Relates to:**

*Kari Slankster v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-12744-DRH-PMF

*Christy Keeton v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:10-cv-11960-DRH-PMF

**Judge David R. Herndon**

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Bayer's motions to show cause why the claims of the above captioned plaintiffs should not be dismissed for failure to comply with the document preservation requirements in Case Management Order Number 61 ("CMO 61") (Doc. 2740). Specifically, Bayer's motions to show cause relate to the subject plaintiffs' alleged failure to comply with the requirements of CMO 61 § I.D.[1] Bayer's motions to show cause seek dismissal of the subject plaintiffs' claims in accord with the provisions of Section I.E. of CMO 61.[2]

---

[1] Section I.D. relates to the service of copies of Notices upon Bayer counsel.
[2] Pursuant to Section I.E of CMO 61, Gallbladder Plaintiffs who fail to fully comply with these requirements shall be given notice of such failure by e-mail or fax from Defendant's Liaison Counsel or his designee and shall be provided ten (10) additional days to cure such deficiency

1

Pursuant to Section I.E. of CMO 61, each plaintiff had 30 days to respond to Bayer's motion to show cause. In both cases, plaintiffs' counsel filed motions to withdraw as counsel of record after Bayer filed the subject motions (*Slankster* Doc. 10; *Keeton* Doc. 13). The Court granted the motions to withdraw (*Slankster* Doc. 11; *Keeton* Doc. 14). The orders granting the motions to withdraw extended the plaintiffs' responsive pleading time and stated as follows:

> In light of the plaintiff's need to obtain new counsel, the Court will extend the plaintiff's responsive pleading deadline. The plaintiff, or her new counsel, is given 60 days from the date this order is entered to file a responsive pleading to the pending motion to show cause (Doc. 10). If plaintiff or her new counsel fail to file a response to the pending motion to show cause, her case will be subject to dismissal WITH PREJUDICE in accord with the provisions of CMO 61.

(*Slankster* Doc. 11).

> In light of the plaintiffs need to obtain new counsel, the Court will extend the plaintiffs responsive pleading deadline. The plaintiff, or her new counsel, is given 60 days from the date this order is entered to file a responsive pleading to the pending motion to show cause (Doc. 10). If plaintiff or her new counsel fail to file a response to the pending motion to show cause, her case will be subject to dismissal WITH PREJUDICE in accord with the provisions of CMO 61.

(*Keeton* Doc. 14)

Neither plaintiff filed any such response. At the expiration of the responsive pleading time, the motions were considered by Special Master Stephen

---

("Cure Period")." Section I.E. goes on to provide that "[n]o other extensions will be granted unless agreed to by all Parties"; "[i]f Plaintiff fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel or his designee may file a Rule to Show Cause why the Gallbladder Claim should not be dismissed with prejudice"; "[p]laintiff shall thereupon have thirty (30) days to respond to the Rule to Show Cause"; and "[a]ny failure to respond to the Motion within the required period of time shall lead to the dismissal of the Gallbladder Claim with prejudice, except for good cause shown."

Saltzburg.[3] Special Master Saltzburg reviewed the pleadings and the requirements of CMO 61 and filed a report and recommendation regarding each motion to show cause (*Slankster* Doc. 12; *Keeton* Doc. 15). In each case, Special Master Saltzburg found that the subject plaintiff failed to comply with the requirements of CMO 61 and recommended that the subject plaintiff's claims be dismissed with prejudice in accord with the requirements of CMO 61.

The parties were given 14 days to respond or object to Special Master Saltzburg's report and recommendation. In each case, the 14 day deadline for responding or objecting to the Special Master's report has expired. Neither plaintiff has responded or objected in any way.

Upon consideration of Bayer's motions to dismiss, the Special Master's recommendations, and the requirements of CMO 61, the Court finds that each subject plaintiff has failed to comply with Section I.D. of CMO 61. Therefore, the above captioned plaintiffs' claims are subject to with prejudice dismissal (see section I.E. of CMO 61).

Specifically, with regard to each of the above captioned plaintiffs, **the Court finds as follows**:

---

[3] Section III of CMO 61 provides as follows: "The Court, by this Order, appoints Professor Stephen Saltzburg as Special Master to hear all motions regarding compliance with this Order, including motions directed to the sufficiency of the expert reports required under subparagraphs II (A) (5) and (6) above, and to recommend to this Court a ruling on each of the motions." (Doc. 2740 § III).

3

*Kari Slankster v. Bayer HealthCare Pharmaceuticals Inc., et al. No. 3:11-cv-12744-DRH-PMF*

The plaintiff failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

*Christy Keeton v. Bayer HealthCare Pharmaceuticals Inc., et al. No. 3:10-cv-11960-DRH-PMF*

The plaintiff failed to comply with § I.D. of CMO 61. The Court adopts Special Master Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

Further, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.01.15
11:59:31 -06'00'

Chief Judge  Date: January 15, 2014
United States District Court

4